Filed 6/26/20; Modified and Certified for Pub. 7/23/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CHRIS GARNER, | |
| Plaintiff and Appellant, | C088374 |
| v. | (Super. Ct. No. 34-2018-00234770-CU-OE-GDS) |
| INTER-STATE OIL COMPANY, | |
| Defendant and Respondent. | |

Chris Garner sued Inter-State Oil Company (Inter-State Oil), alleging employment claims and seeking certification of a class action. Based on an arbitration agreement between Garner and Inter-State Oil, the trial court granted Inter-State Oil's petition to compel arbitration of individual claims only, effectively denying Garner the ability to pursue class action claims. The trial court relied on language in the arbitration agreement stating that Garner waived his right to participate in class action lawsuits.

On appeal from the order granting the motion to compel arbitration, Garner contends (1) the plain language of the arbitration agreement gives him the right to pursue

1

his class claims in arbitration, and (2) Inter-State Oil waived reliance on the arbitration agreement.

We conclude (1) the arbitration agreement requires arbitration of Garner's class claims, and (2) Inter-State Oil did not waive reliance on the arbitration agreement.

We will modify the trial court's order to require arbitration of both individual and class claims, and affirm the order as modified.

BACKGROUND

During Garner's employment with Inter-State Oil, Garner signed a 2014 arbitration agreement. There is no dispute that the 2014 agreement superseded an earlier arbitration agreement.

Garner subsequently filed a class action complaint against Inter-State Oil, asserting a cause of action for unfair business practices (Bus. & Prof. Code, § 17200) and alleging that Inter-State Oil engaged in various illegal employment practices related to wages, breaks, and reimbursement of business expenses. Inter-State Oil filed a petition to compel arbitration, asserting that Garner agreed to arbitrate all claims arising out of his employment with Inter-State Oil and that Inter-State Oil had asked Garner to arbitrate his dispute but Garner refused. Garner acknowledged Inter-State Oil's petition to compel arbitration and offered to stipulate to arbitration of the class claims, but Inter-State Oil would agree only to arbitrate Garner's individual claims. Consequently, Garner opposed the petition to compel arbitration, asserting that Inter-State Oil breached the arbitration agreement by refusing to arbitrate the class claims and that the breach waived its rights under the agreement and excused Garner's duty to arbitrate.

The trial court granted Inter-State Oil's petition to compel arbitration only as to Garner's individual claims. It relied on language in the arbitration agreement stating that

2

Garner waived his right to participate in class action lawsuits.[1]  Garner appealed the trial

court's order granting Inter-State Oil's motion to compel arbitration, citing *Franco v.*

*Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277, 1288 [an order to arbitrate

individual claims is appealable if it constitutes the "death knell" for class litigation].

DISCUSSION

I

Garner contends the plain language of the arbitration agreement gives him the

right to pursue his class claims in arbitration.

We interpret arbitration agreements using the plain meaning rule, seeking to give

effect to the mutual intention of the parties.  (*Valencia v. Smyth* (2010) 185 Cal.App.4th

153, 176-177.)  Our review of the contract language is de novo.  (*Molecular Analytical*

*Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 707.)

Here, resolution hinges on two sentences in the arbitration agreement.  The first

relevant sentence appears under the admonition to read the agreement carefully, and

provides:  "To resolve employment disputes in an efficient and cost-effective manner,

you and Inter-State Oil Co. agree that any and all claims arising out of or related to your

employment that could be filed in a court of law, including but not limited to, claims of

unlawful harassment or discrimination, wrongful demotion, defamation, wrongful

discharge, breach of contract, invasion of privacy, or class action shall be submitted to

---

[1] At the hearing on the petition to compel arbitration, Garner orally requested a
statement of decision.  The trial court took the request under submission and later denied
it, issuing a detailed minute order.  In a footnote in his opening brief, Garner asserts that
the failure to issue a statement of decision was reversible error per se.  However, Garner
failed to raise the issue properly on appeal.  Points raised in the opening brief must be set
forth separately under an appropriate heading, showing the nature of the question to be
presented and the point to be made.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v.*
*California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)  An assertion in a
footnote does not meet that standard.  Therefore, we need not consider the assertion.

final and binding arbitration, and not to any other forum." The second relevant sentence appears in bold lettering just above the signature lines, and states: "**This Arbitration Agreement Is A Waiver Of All Rights To A Civil Jury Trial Or Participation In A Civil Class Action Lawsuit For Claims Arising Out Of Your Employment.**"

Garner acknowledges that the second relevant sentence constitutes a waiver. But he disputes the extent of the waiver. He argues that although he waived the right to present his class claims in court, he did not waive the right to submit the class claims to arbitration. Inter-State Oil counters that the arbitration agreement contains a waiver of class claims.

The arbitration agreement at issue here contains an express agreement to arbitrate class action claims. As noted, it provides: "To resolve employment disputes . . . , you and Inter-State Oil Co. agree that any and all claims . . . that could be filed in a court of law, *including* but not limited to . . . class action shall be submitted to final and binding arbitration, and not to any other forum." (Italics added.)

Inter-State Oil argues "[t]here is no agreement between [Inter-State Oil] and [Garner] to arbitrate class claims. In fact, the express language of the Arbitration Agreement states that [Garner] waives his right to 'participation in a class action.' " In making this argument, Inter-State Oil takes the language of the agreement out of context and ignores the express agreement to arbitrate class claims. The waiver sentence referred to by Inter-State Oil states that the arbitration agreement waived his right to "participation in a civil class action *lawsuit*," not to participation in any class action claim. (Italics added.) Inter-State Oil does not account for the word "lawsuit" in its argument. Lawsuits generally refer to court actions. (See *Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 839 [noting the difference between an arbitration claim and a lawsuit (court action)]; see also *Mission Beverage Co. v. Pabst Brewing Co., LLC* (2017) 15 Cal.App.5th 686, 697 [recognizing the difference between a lawsuit and an arbitration].) There is no indication in the arbitration agreement that the

4

word "lawsuit" was intended to apply, uncharacteristically, to both court actions and arbitration claims. Indeed, the only sentence in the arbitration agreement referring to arbitration of class claims requires arbitration. Thus, read as a whole, this is an agreement to arbitrate all claims, including class claims, with a notice at the end of the agreement that it is a waiver of all jury trials and class action lawsuits. The agreement functions as a waiver of participation in a class action lawsuit because those class claims must be submitted to arbitration.

Inter-State Oil relies on the holding in *Lamps Plus, Inc. v. Varela* (2019) __ U.S. __ [203 L.Ed.2d 636]. That case, however, is distinguishable. It held that a court may not compel class arbitration when the arbitration agreement does not provide for such arbitration and that an ambiguity about whether class claims may be arbitrated does not constitute consent to arbitrate class claims. (*Id.* at pp. __ [203 L.Ed.2d at pp. 645-657].) As we have explained, however, when reading the arbitration agreement in this case as a whole, the language of the arbitration agreement provides for arbitration of class claims. Therefore, the parties consented to arbitrate class claims.

Accordingly, we conclude this arbitration agreement provides for arbitration of class claims.

## II

Garner further contends Inter-State Oil breached the arbitration agreement by refusing to arbitrate the class claims and therefore waived reliance on the arbitration agreement, thus allowing Garner to pursue his remedies in court. Based on this reasoning and the assertion that the arbitration agreement lacked consideration, Garner claims he is entitled to proceed in court on his class action claims.

"[T]he term 'waiver' has a number of meanings in statute and case law. [Citation.] While 'waiver' generally denotes the voluntary relinquishment of a known right, it can also refer to the loss of a right as a result of a party's failure to perform an act it is required to perform, regardless of the party's intent to relinquish the right.

5

[Citations.] In the arbitration context, '[t]he term "waiver" has also been used as a shorthand statement for the conclusion that a contractual right to arbitration has been lost.' [Citation.]" (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195, fn. 4.)

Federal and state law favor arbitration. Therefore, "waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof. [Citations.]" (*St. Agnes Medical Center v. PacifiCare of California, supra,* 31 Cal.4th at p. 1195.) "Both state and federal law emphasize that no single test delineates the nature of the conduct that will constitute a waiver of arbitration. [Citations.] ' "In the past, California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions likewise hold that the 'bad faith' or 'wilful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration. [Citations.]" ' [Citation.]" (*Id.* at pp. 1195-1196.)

Here, there is no evidence of bad faith or willful misconduct. The parties simply had a disagreement over the meaning of the arbitration agreement, which is not a model of clarity, and took the disagreement to court. That we have resolved the disagreement against Inter-State Oil is not evidence of bad faith or willful misconduct. We have found no case holding that conduct similar to Inter-State Oil's rose to the level of waiver of the right to arbitrate. Therefore, giving effect to the public policy favoring arbitration, we conclude that the arbitration agreement must be enforced.

Finally, Garner asserts Inter-State Oil's conduct showed "a lack of mutuality of consideration that renders the [arbitration agreement] null and void." Garner states: "The [arbitration agreement] lacks consideration because [Inter-State Oil] refused to perform its obligation under the agreement . . . ." For this proposition, Garner cites only

6

to a case which held that, to create a contract with sufficient consideration, "the promises must be mutual in obligation. . . ." (*Mattei v. Hopper* (1958) 51 Cal.2d 119, 122.) Here, the parties made mutual, obligating promises to arbitrate. The dispute over the meaning of the arbitration agreement did not change those mutual, obligating promises. Adequacy of consideration is in the formation of the contract, not in its performance. (*Meyer v. Benko* (1976) 55 Cal.App.3d 937, 945.) We therefore reject Garner's contention that Inter-State Oil's conduct rendered the arbitration agreement null and void because of lack of consideration.

## DISPOSITION

The trial court's order compelling arbitration is modified to require arbitration of both individual and class claims, and, as modified, the order is affirmed. Garner is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                                               /S/
                                                          MAURO, J.

We concur:


      /S/
ROBIE, Acting P. J.


      /S/
DUARTE, J.

7

Filed 7/23/20

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CHRIS GARNER, | C088374 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2018-00234770-CU-OE-GDS) |
| v. | |
| INTER-STATE OIL COMPANY, | ORDER MODIFYING OPINION AND GRANTING REQUEST TO PUBLISH |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Sacramento County, Christopher E. Krueger, Judge. Affirmed as modified.

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh, and Areen Babajanian for Plaintiff and Appellant.

Palmer Kazanjian Wohl Hodson, Christopher F. Wohl and Alexandra M. Asterlin for Defendant and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed on June 26, 2020, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

It is also ordered that the opinion filed in this case on June 26, 2020, be modified as follows:

At page 2, first full paragraph, remove "(1)" and "(2)" from the only sentence, so that the paragraph now reads:

"We conclude the arbitration agreement requires arbitration of Garner's class claims, and Inter-State Oil did not waive reliance on the arbitration agreement."

This modification does not change the judgment.

FOR THE COURT:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
MAURO, J.


_____/S/_____
DUARTE, J.